**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - -X
In re:   VALAIRCO, INC., Debtor

                                      Chapter 11
                                      Case No. 05-22042 (RTL)

- - - - - - - - - - - - - - - - - - - - - - - - -X
VALAIRCO, INC.,

       Plaintiff.                      Adv. Proc. No: 05-2600

     v.

BLACKSTONE GROUP, LLC,
FIDELITY INSURANCE COMPANY and
CENTENNIAL INSURANCE COMPANY,

       Defendants
- - - - - - - - - - - - - - - - - - - - - - - - -X

**OPINION**

**APPEARANCES:**
NORRIS, MCLAUGHLIN & MARCUS
Alison L. Galer, Esq.
Attorneys for Plaintiff

Thomas J. Hirsch, Esq.
Attorney for Defendants

**RAYMOND T. LYONS, U.S.B.J.**

      Defendants, Blackstone Group, LLC and Centennial Insurance Company, moved the court to

abstain[1] from hearing this dispute involving three construction contracts. Because trial regarding one contract is set to commence in state court on January 23, 2006, the court will abstain with regard to that contract. The motion is denied as to the other two contracts where no state court action has been commenced.

## JURISDICTION

This court has jurisdiction of this adversary proceeding under 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a) and the Standing Order of Reference by the United States District Court for the District of New Jersey dated July 23, 1984, referring all proceedings related to a case under Title 11 of the United States Code to the bankruptcy court.

## FACTUAL BACKGROUND

Blackstone Group, LLC contracted with the Debtor, Valairco, Inc. for HVAC work on three jobs:

1. New Youth Center, Roselle Park, New Jersey ("Roselle Park Contract");

2. Mravlag Manor Community Center, Elizabeth, New Jersey ("Mravlag Manor Contract");

3. Mary McLeod Community Center, Jersey City, New Jersey ("Mary McLeod Contract")

Centennial Insurance Company provided a performance and payment bond to Blackstone for the Mary McLeod Contract. Fidelity and Guaranty Insurance Company ("F&G") allegedly[2] bonded

---

[1] The motion actually asks for remand to the state court. Technically, remand applies to proceedings removed from state court, which is not the case here. See 28 U.S.C. § 1452. However, the movants' brief makes clear that they seek abstention under 28 U.S.C. § 1334(c).

[2] F&G disclaimed knowledge of any facts in its answer. Nevertheless, F&G cross-claimed for indemnity from Blackstone alleging that it did issue bonds to Blackstone backed by an indemnity agreement.

the Roselle Park job.

Vitec Corp. is not a party to this adversary proceeding. Vitec had sold equipment to Valairco for the Mary McLeod Contract. When Vitec did not receive payment it sued Blackstone and Valairco in New Jersey state court in January 2004. That suit proceeded through discovery and unsuccessful mediation. Trial was scheduled for May 9, 2005. Valairco filed its petition in bankruptcy on April 14, 2005, staying the state court action.

Both Blackstone and Valairco assert back-charges against Vitec for delayed delivery and defective equipment. Vitec, on the other hand, alleges breach of an agreement by Blackstone to issue joint checks to Vitec and Valairco to assure payment to Vitec.

Vitec asked the state court to re-list the matter for trial as to Blackstone. The state court has scheduled trial for January 23, 2006.[3]

The Debtor, Valairco, filed this adversary complaint on September 6, 2005. All three defendants have answered. No one has requested a jury trial in this adversary proceeding.

Thus, the status quo is that a state court action on the Mary McLeod Contract is set for trial between Vitec and Blackstone. Vitec is not a party to this adversary proceeding in bankruptcy court. Centennial, who bonded the Mary McLeod Contract, is not a party in state court. The automatic stay prevents the state court from adjudicating the claims against Valairco; however, the facts and legal claims between Vitec and Blackstone will involve Valairco to a great extent.

In this adversary proceeding, F&G is a party but has no involvement in the Mary McLeod

---

[3] No one has indicated that a jury trial will be conducted in state court. This court will assume that no jury is involved in the state court.

3

Contract. Also, there are three contracts at issue in bankruptcy court, while one - the Mary McLeod Contract - is involved in the state court.

## DISCUSSION

### Core Proceeding

The movants and the plaintiff have disagreed in their briefs over whether this adversary proceeding is a core proceeding that may be heard and determined by a bankruptcy judge under 28 U.S.C. § 157(b). Whether or not that characterization is relevant to abstention, this court will determine it under 28 U.S.C. § 157(b)(3).[4] The complaint seeks damages for breach of three contracts where the contracts and the breaches all occurred prepetition. The counterclaim and cross-claims are, similarly, based on prepetition contracts. The Third Circuit has made clear that actions for breach of contract where both the contract and the breach occurred prepetition are not core proceedings. *Beard v. Braunstein*, 914 F.2d 434 (3d Cir. 1990). All of the claims asserted in this adversary proceeding are non-core.

### Mandatory Abstention

28 U.S.C. § 1334(c)(2) provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court

---

[4] Plaintiff alleged in paragraph 9 of the complaint that, "This is a core proceeding pursuant to Title 28 U.S.C. § 157(b)(2)(A), (E) and (O)." Movants admitted the allegations of paragraph 9, but argue otherwise in their brief. The court need not be bound by the parties' pleadings but may determine whether the proceeding is core on its own. 28 U.S.C. § 157(b)(3).

4

    shall abstain from hearing such proceeding if an action is commenced,
    and can be timely adjudicated, in a State forum of appropriate
    jurisdiction.

Six elements must be satisfied for mandatory abstention:

  (1) a timely motion

  (2) the proceeding is based on state law

  (3) the proceeding is related to a case under Title 11

  (4) the proceeding does not arise under Title 11

  (5) the action could not have been commenced in federal court absent

  bankruptcy jurisdiction

  (6) the action is commenced and can be timely adjudicated in a state

  forum.

The Debtor responds that mandatory abstention is not required because: (i) this is a core proceeding, (ii) it arises under Title 11 and (iii) the action cannot be timely adjudicated in a state forum.

The court has determined that the adversary proceeding is non-core. Also, the argument that these state law disputed contract claims arise under Title 11 as turnover proceedings under 11 U.S.C. § 542(b) and 28 U.S.C. § 157(b)(2)(A), (E) and (O) has been rejected by the Third Circuit in *Beard v. Braunstein*, 914 F.2d 434 (3d Cir. 1990). Thus, the only issue raised by the Debtor is whether the action can be timely adjudicated in state court.

Both parties assume that the bankruptcy court will abstain on the entire adversary proceeding or none of it. The court believes it is more appropriate to analyze the claims in the adversary proceeding on a contract by contract basis. Each construction project is a separate transaction and

5

may be litigated separately. *Vision Mortg. Corp., Inc. v. Patricia J. Chiapperini, Inc.,* 307 N.J. Super. 48, 53-4, 704 A.2d 97 (App.Div. 1998), *decision aff'd*, 156 N.J. 580, 722 A.2d 527 (1999).

**Mary McLeod Contract**

Since Vitec is not a party to this adversary proceeding, trial on its claim against Blackstone and Blackstone's counterclaim will go forward in state court on January 23, 2006. There are common factual issues with the Debtor's contract action against Blackstone, e.g., whether Vitec delivered conforming goods on time. The Debtor participated in the state court action through discovery and mediation and, presumably, was ready for trial three weeks after it filed bankruptcy. It appears that the Mary McLeod Contract action can be timely adjudicated in state court among the Debtor, Blackstone and Vitec.

The only fly in the ointment is Centennial, who bonded the Mary McLeod Contract, is not a party to the state court action. However, Blackstone and Centennial are represented by the same counsel in the adversary proceeding and are joint movants seeking abstention. Neither has filed a cross-claim against the other in this adversary proceeding. Apparently, for reasons unexplained to the court, Blackstone and Centennial are allied. This court is confident that the state court can timely adjudicate the Debtor's claim against Centennial, if necessary. Therefore, this court will abstain from hearing the claims regarding the Mary McLeod Contract.

**Roselle Park and Mravlag Manor Contracts**

Neither of these contracts is the subject of a pending state court action. Where no state court action is pending, mandatory abstention is inappropriate. *See In re Donington, Karcher, Salmond,*

6

*Ronan, Rainone, P.A.*, 194 B.R. 750, 757 (D.N.J.1996) (standing for the proposition that mandatory abstention requires all six requirements be met; where any one of the requirements is not satisfied, mandatory abstention is not appropriate); *see also In re West Coast Video Enterprises, Inc.*, 145 B.R. 484, 486 (Bankr.E.D.Pa.1992). Even if a state court action could be commenced, or if pleadings in the existing action could be amended, the issues could not be resolved promptly because no discovery has been taken. The request for mandatory abstention is denied.

**Permissive Abstention**

28 U.S.C. § 1334(c)(1) provides:

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

The following factors should be considered in deciding whether to abstain:

(i) whether abstention will allow for efficient administration of the estate;

(ii) the extent of the predominancy of state law issues over bankruptcy issues;

(iii) the difficulty or unsettled nature of the applicable state law;

(iv) comity, whether any state court action is proceeding on the issues;

(v) the degree of relatedness or remoteness to the main bankruptcy case;

(vi) the existence of the right to a jury trial; and

(vii) whether there is prejudice to the involuntarily removed defendants.

*In re Donington*, 194 B.R. at 760; *citing Balcor/Morristown Ltd. Parnership v. Vector Whippany Assoc.*, 181 B.R. 781, 793 (D.N.J.1995).

The factors that weigh in favor of abstention are:

(i) The effect on the efficient administration of the bankruptcy estate – According to the complaint the Debtor seeks to collect a balance of approximately $13,000 on the Roselle Park Contract and $8,000 on the Mravlag Manor Contract. These are insignificant amounts when compared with the millions of dollars of secured and priority claims the Debtor must pay under its plan.

(ii) The predominance of state law – all claims in this adversary action are exclusively state law.

(v) The degree of relatedness or remoteness to the main bankruptcy case – These small collection actions are remote to the main case in which the Debtor seeks to reorganize.

The factors that weigh against abstention are:

(iii) The difficulty or unsettled nature of state law – These are garden variety construction contract claims.

(iv) Comity – with no state court actions pending on the Roselle Park and Mravlag Manor projects, comity is not implicated.

(vi) Jury Trial – No one has demanded a jury and the time has expired. Fed. R. Bankr. P. 9015 and Fed. R. Civ. P. 38(b).

(vii) Prejudice to involuntarily removed defendants – No removal took place in this adversary proceeding.

It is not unusual for the bankruptcy court to try construction contract disputes. At the moment our trials tend to be scheduled faster than in the state courts. Without any overwhelming factors favoring abstention, permissive abstention is not appropriate where the bankruptcy court may resolve the dispute more expeditiously.

**Relief from the Automatic Stay**

Cause exists to permit Blackstone and Centennial to liquidate any claims they may have against the Debtor, but not to collect on any judgment that may be rendered in their favor. The same relief will be accorded Vitec. *In re Donington*, 194 B.R. at 761 (relief from the stay may be granted to determine liability, while prohibiting any action for collection); *see also In re Turner*, 55 B.R. 498, 502 (Bankr.N.D.Ohio 1985).

## CONCLUSION

The court will abstain with regard to the Mary McLeod Contract and grant relief from the automatic stay so that Blackstone, Centennial and Vitec may liquidate their claims against the Debtor in the action in the Superior Court of New Jersey styled Vitec Corp. v. Blackstone Group LLC and Valairco, Inc., Docket No. ESX-L-556-04.

The motion for abstention is denied regarding the Roselle Park and Mravlag Manor Contracts.

Dated: December 6, 2005           __/S/ *Raymond T. Lyons*____
                                  Raymond T. Lyons, U.S.B.J.